UNITED STATES BANKRUPTCY COURT SOUTHERN
DISTRICT OF FLORIDA

In re:                                                  Case No. 16 – 20735
                                                        Chapter 13

Henry Ward Kendrick
    Debtor

FILED-USBC, FLS-MIA
'19 NOV 15 PM 12:49

_____/

## MOTION FOR CONTEMPT AND SANCTIONS

     In support of this Motion, Debtor relies on the facts, law, and argument set forth in his motion. Pursuant to U.S. Code § 401(3), Power of court, and states the following:

1.     On November 12, 2019, Debtor conferred in good faith with counsel, Bradley A. Fiedman, Esq., for Star Lakes Homeowners Association (Homeowners Association) in an effort to resolve this dispute without Court action, but was unable to obtain concurrence to the relief sought herein, thus necessitating the filing of this Motion.

2.     Homeowners Association has not complied with the Court's January 31, 2019, docket number 171, Order requiring Homeowners Association not to tow Debtor's tenant's vehicle and to complete Debtor's tenant parking application and permit. Homeowners Association violated the temporary injunction (non-towing order) on November 12, 2019, when Debtor's tenant's Ford van and Ram double-cab truck were towed from 270 N. E. 191st St., Apt. 108's assigned parking spot.

3.     This Court should impose civil contempt sanctions on Homeowners Association for its blatant disregard of the Court's Order of January 31, 2019, docket number 171.

     District courts have the inherent power to enforce compliance with orders through civil contempt. It is the Debtor's burden to establish, by" clear and convincing evidence, that Homeowners Association violated the Court's January 31, 2019, docket number 171, Order. Once the debtor makes a prima facie showing of violation, the burden shifts to the Homeowners Association to produce evidence explaining its noncompliance at a show cause hearing, to escape contempt, the Homeowners Association must show that it either did not violate the Court's order or that it was "excuse" from complying. To satisfy this burden the Homeowners Association must "offer proof beyond a mere assertion of an inability." Specifically, the Homeowners Association "demonstrate[s] an inability to comply only by showing that [it has] made in good faith a reasonable effort to comply."

1

4. This Court should strictly construe the "good faith and all reasonable efforts to comply" standard, requiring contempt sanctions where contemnor made "some efforts" but not "all reasonable efforts" to comply, or where contemnor presented its own unsubstantiated testimony.

5. Once the Court determines that the Homeowners Association has not complied with the Court's Order, the Court may impose both coercive and compensatory sanctions. When devising sanctions to ensure compliance with its order, the Court should consider "character and magnitude of the harm threatened by continued contumacy and probable effectiveness of any suggested sanctions in bringing about the result desired." Appropriate, sanctions may include a coercive daily fine, a compensatory fine, coercive incarceration and attorney fees and costs.

6. The Homeowners Association has failed to notify its agent Boulevard Towing and Recovery of the Court's Order and has failed to mitigate or eliminate Debtor's tenant damages for its violation of the Court's Order. To avoid sanctions Homeowners Association must prove that they have made "in good faith all reasonable efforts to comply." Homeowners Association has not made reasonable efforts to halt the damages Debtor's tenant is acquiring daily.

7. Through Homeowners Association relationship with Boulevard Towing and Recovery and as the author of Debtor's tenant's vehicles being towed Homeowners Association can and must ensure that its abusive behavior cease. It is evident from Homeowners Association lack of action to mitigate the damages from the violation of the Court's Order, to date. That the Homeowners Association has not made "in good faith all reasonable efforts to comply "with the Order and that Homeowners Association has no intentions of doing so without coercive measures from the Court.

8. A coercive daily fine of $2000 a day against the Homeowners Association for each violation of the Court's Order is appropriate here to ensure compliance because Homeowners Association actions to date shows its intentions to disregard the Court's Order.

9. In addition to the above requested sanctions the Debtor seeks an order entitling the completion of the parking permit application.

    Wherefore, Debtor has shown by clear and convincing evidence that Homeowners Association has violated the Court's Order of January 31, 2019, docket number 171, Accordingly, the Homeowners Association should be held in contempt and fined and penalties imposed.

Henry Ward Kendrick

1672 NW. 116 Terrace

Miami, FL 33167

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th. day of August, 2019, a true and correct copy of the foregoing has been furnished by US Mail to: Trustee, Nancy K. Neidich PO Box 279806, Miramar, FL 33027, Peggy Urbaneja 7401 Wiles Road ste 244 Coral Springs, Fl. 33067 and James S. Caris 401 East Las Olas Blvd., #134 Fort Lauderdale Florida 33301 on November 15, 2019.

Henry Ward Kendrick

Serving Dade & Broward County
TL#2841
TI #00087
MC#870521-P
US DOT#2509952



**Boulevard Towing & Recovery**
**Parking Enforcement Specialist**
**305-365-5227 ★ 954-322-6682**
2160 SW 58th Way • West Park, FL 33023

www.blvdtowing.com

N° 26847

Police Dept: **MDC**   PTI # / CASE# / IP#: **65347**   Reported @ **5:45 AM**   Officer: **19**

Date: **11-12-19**   Time of Tow: **4:50 AM**   Time of Arrival: **5:01 AM**

Driver: **39**   Truck#: **54**   Authorized Signature: **Jerry (PES)**   **954-723-6103**   Property Name: **Star Lakes**

Vehicle towed from: **270 NE 191 ST**   City: **Miami**   Destination: Yard 1 ☒   Released on Scene ☐   ☐   City: ____

License Plate: **JHSY21**   License State: **FL**   Decal Year: **12-19**

Vehicle Year: **08**   Make / Model: **Ford E250**   Color: **White**   Style: **Van**

Vin #: **1FTNE214W98DA016580**

Reason For Tow: **No Permit**

Condition of Vehicle:  Good   (Poor)   Stripped
☒Y ☐N - Radio   ☒Y ☐N - Tires   ☒Y ☐N - Motor   ☒Y ☐N - Dents

**Vehicle Released To (ONLY TO REGISTERED OWNER)**

Name: **Edward Willer**   D.O.B: **1/4/85**

Address: **270 NE 191 St. Bldg 1 #108**   City: **Min**   State: **FL**

Driver's License: **V460-110-830-140**   State: **FL**

Storage From: **11/14**   to **11/14**   Days@ $ **20**

Miles Towed: ____ @ ____

Towing Charge: **$101**   Storage: **70**   Adm: ____   Liens: ____   Total: **$121**

Labor: ____   Fuel Surcharge: ____   Miles: ____

**PROOF OF OWNERSHIP**
☒ TITLE   ☐ REGISTRATION   ☐ OTHER PROOF

**Paid By:**
☒ Cash   ☐ Company Check   ☐ Credit Card   ☐ Other

Released To (X): **Edward Willer**   Date: **11/14/19**   Time: **1:07 PM**   Int: ____

**ACKNOWLEDGEMENT STATEMENT**
I, the legal owner of the above mentioned vehicle, understand that I am legally obligated to Boulevard Towing & Recovery, Inc. for services; towing and storage from the date of towing to the date I pay all charges incurred and take possession of the motor vehicle. I understand if I don't take possession within (7) days a disposition for the above described motor vehicle, vessel, motorcycle or container will be made and the lawful charges to that date must be paid by the legally registered owner as provided for by Florida State Law. Furthermore, I understand that all motor vehicles, vessels, motorcycles or containers are towed at owners, registered agent, or an authorized representative's risk and expenses. Boulevard Towing & Recovery, Inc. is not responsible for any loss or damage for the motor vehicle, vessel, motorcycle or container including but not limited to any articles left in the above mentioned vehicle as a result of towing or storage. Furthermore, I have inspected the motor vehicle, vessel, motorcycle or container; at time of taking possession of it before leaving the yard and concur with the inspection performed by Boulevard Towing & Recovery, Inc as a true statement of any existing damaged, rusted or missing parts as of this date. Therefore, I hold harmless Boulevard Towing & Recovery, Inc. from any and all liability of any nature including attorney's fees caused by the tow services of the above described motor vehicle, vessel, motorcycle or container.