UNITED STATES BANKRUPTCYCOURT SOUTHERN
DISTRICT OF FLORIDA

FILED-USBC, FLS-MIA
'19 DEC 12 PM 1:44

In re:   Case No. 16 – 20735
Chapter 13

Henry Ward Kendrick
Debtor

_____/

## AMENDED FACTUAL MOTION TO SUPPLEMENT MOTION FOR CONTEMPT AND SANCTIONS

In support of this Motion, Debtor relies on the facts, law, and argument set forth in his original and this supplemented motion. Pursuant to U.S. Code § 401(3), Power of court, and states the following:

### BACKGROUND

1. On November 15, 2019, the Debtor filed his Motion for Contempt and Sanctions.

2. The Court scheduled a hearing on December 3, 2019, on the Debtor's motion.

3. At that hearing, the Hon. Court in its wisdom deferred its ruling until an evidentiary hearing could be held on the matter.

4. The Court asked counsel for Star Lakes Homeowners Association "Association" if the Association had a complete application to review. Association's counsel stated the Association did have a completed tenant application and was in the process of reviewing said application.

5. On December 10, 2019, Edward Lollar "tenant" and Debtor attended a scheduled tenant review application meeting at Association office building. That meeting was scheduled to verify that Association had received all the necessary information from tenant.

6. At the end of that meeting notary public, present, told tenant he needed to pay a $20 charge for notarizing a document. Tenant informed notary that he did not have the $20 and asked the Debtor could he pay the $20 for the notary. Debtor informed notary that the charge of $20 exceeds the current he Florida's statutory limits of $10. Notary became very angry with Debtor and ordered the meeting to end without giving tenant a temporary parking pass to avoid his vehicle from being towed.

### Argument

7. Despite, the court's preliminary injunction and the Court's order for an evidentiary hearing on the matter. Association towed tenant's vehicle after he attended the scheduled review meeting on December 10, 2019.

8. In fact tenant's vehicle was towed the same night of December 10, 2019.

9. Which violates the court's good faith effort to remedy the tenant's application issue and not to mention the preliminary injunction order of the Court's.

Wherefore Debtor asks this Court to order Homeowners Association to reimburse Debtor a total of $513 for monies paid out to return tenant's vehicles.

Henry Ward Kendrick
1672 NW. 116 Terrace
Miami, FL 33167

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th. day of August, 2019, a true and correct copy of the foregoing has been furnished by US Mail to: Trustee, Nancy K. Neidich PO Box 279806, Miramar, FL 33027, Peggy Urbaneja 7401 Wiles Road ste 244 Coral Springs, Fl. 33067 and James S. Caris 401 East Las Olas Blvd., #134 Fort Lauderdale Florida 33301 on December 12, 2019.

Henry Ward Kendrick

Serving Dade & Broward County  
TL#2841  
TI #00087  
MC#870521-P  
US DOT#2509952  



**BOULEVARD Towing & Recovery**
**Parking Enforcement Specialist**
305-365-5227 ★ 954-322-6682
2160 SW 58th Way • West Park, FL 33023

www.blvdtowing.com

Nº 27193

Police Dept: **MDC**  PTI # / CASE# / IP#: **67469**  Reported @ **4:20 AM**  Officer: **13**

Date: **12-11-19**  Time of Tow: **3:43 AM**  Time of Arrival: **3:56 AM**

Driver **35**  Truck# **54**  Authorized Signature: Joey (PMC) 954-773-6163  Property Name: **Star Lakes**

Vehicle towed from **270 NE 191 ST**  City **MDC**  Destination: Yard 1 ☑  Released on Scene ☐  City ____

License Plate **JHSY21**  License State **FL**  Decal Year **12-20**

Vehicle Year **08**  Make / Model **Ford E250**  Color **White**  Style **Van**

Vin # **1FTNE24W98DA06580**

Reason For Tow: **Expired Guest Permit**

Condition of Vehicle:  Good  (Poor)  Stripped
☑Y ☐N - Radio   ☐Y ☑N - Tires   ☑Y ☐N - Motor   ☑Y ☐N - Dents

**Vehicle Released To**
(ONLY TO REGISTERED OWNER)

Name **Edward Lollar Jr**  D.O.B. **1/24/53**

Address **270 ne 191st B#1 #108**  City **Miami**  State **FL**

Driver's License **L46022053 0240**  State: **FL**

Storage From **12/11/19** to **12/11/19**  **1** Days@ $ **20**

Miles Towed _____ @ _____

Towing Charge **101**  Storage **20**  Adm ___  Liens ___

Labor ___  Fuel Surcharge ___  Miles ___  Total **121**

PROOF OF OWNERSHIP: ☐ TITLE  ☐ REGISTRATION  ☑ OTHER PROOF

Paid By: ☑ Cash  ☐ Company Check  ☐ Credit Card  ☐ Other

Released To X **Edward Lollar Jr**  Date: **12/11/19**  Time **10:05 AM**  Int ___

**ACKNOWLEDGEMENT STATEMENT**
I, the legal owner of the above mentioned vehicle, understand that I am legally obligated to Boulevard Towing & Recovery, Inc. for services; towing and storage from the date of towing to the date I pay all charges incurred and take possession of the motor vehicle. I understand if I don't take possession within (7) days a disposition for the above described motor vehicle, vessel, motorcycle or container will be made and the lawful charges to that date must be paid by the legally registered owner as provided for by Florida State Law. Furthermore, I understand that all motor vehicles, vessels, motorcycles or containers are towed at owners, registered agent, or an authorized representative's risk and expenses. Boulevard Towing & Recovery, Inc. is not responsible for any loss or damage for the motor vehicle, vessel, motorcycle or container including but not limited to any articles left in the above mentioned vehicle as a result of towing or storage. Furthermore, I have inspected the motor vehicle, vessel, motorcycle or container; at time of taking possession of it before leaving the yard and concur with the inspection performed by Boulevard Towing & Recovery, Inc as a true statement of any existing damaged, rusted or missing parts as of this date. Therefore, I hold harmless Boulevard Towing & Recovery, Inc. from any and all liability of any nature including attorney's fees caused by the tow services of the above described motor vehicle, vessel, motorcycle or container.

Please read carefully before signing the acknowledgement statement described on this invoice.